UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FREEDOM MORTGAGE
CORPORATION,

                Plaintiff,                          REPORT AND
                                                              RECOMMENDATION
   -against-                                 19 CV 1497 (PKC)(RML)

BRIAN T. MEURER, LORRAINE S.
MEURER, NEW YORK CITY PARKING
VIOLATIONS BUREAU, and NEW YORK
CITY TRANSIT ADJUDICATION
BUREAU,

                Defendants.
-------------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated October 11, 2022, the Honorable Pamela K. Chen, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be denied with leave to re-file upon submission of the documentation described below.

## BACKGROUND AND FACTS

        Plaintiff Freedom Mortgage Corporation ("plaintiff" or "Freedom Mortgage") commenced this action in March 2019[1] pursuant to New York Real Property Actions and Proceeding Law ("RPAPL") Article 13, to foreclose a mortgage encumbering the property at 22 University Place in Staten Island, New York (the "Subject Property"). (See Complaint, dated

---

[1] This case was stayed for some time due to the COVID-19 Emergency Eviction and Foreclosure Act of 2020. After the foreclosure moratorium expired, the parties engaged in settlement discussions, which ultimately fell through. (See Minute Entry, dated Mar. 3, 2022; Minute Entry, dated June 24, 2022; Status Report, dated July 11, 2022, Dkt. No. 31.)

Mar. 6, 2019 ("Compl."), Dkt. No. 1.)  Defendants Brian T. Meurer and Lorraine S. Meurer ("defendants") are the owners of the Subject Property.  (Id. ¶¶ 3, 4.)

On December 1, 2014, defendants executed and delivered a Note in the principal amount of $427,121.01.  (Id. ¶ 11.)  As security for the Note, defendants executed a Mortgage on the Subject Property in the same amount, which was recorded on December 12, 2014.  (Id. ¶ 12).  On April 12, 2016, defendants executed and delivered another Note in the principal amount of $6,733.95.  (Id. ¶ 13.)  As security for the second Note, they executed and delivered a Mortgage in the same amount which was recorded on June 2, 2016.  (Id. ¶ 14.)  This Mortgage was consolidated with the previous one by a Consolidation, Extension and Modification Agreement executed by defendants and recorded on June 2, 2016 to form a single lien in the amount of $424,523.00.  (See Note, dated Dec. 1, 2014 ("Note"), attached as Schedule A to the Compl.)

Beginning with the payment due on September 1, 2018 and subsequent payments thereafter, defendants failed to make payments due under the Note.  (Compl. ¶ 17.)  Each failure to make a payment constituted an Event of Default under the terms of the Note.  (Note at 2.)  The Complaint seeking foreclosure and sale was filed on March 15, 2019, and defendants were served with the Summons and Complaint on April 6, 2019.  (Affidavits of Service of Nichole Ortolano, sworn to Apr. 11, 2019, Dkt. Nos. 9, 10.)  Neither appeared or answered, and as a result, the Clerk of Court entered certificates of default against them.  (Certificate of Default, dated May 9, 2019, Dkt. No. 12.)

## DISCUSSION

RPAPL § 1304 contains a condition precedent to the commencement of any foreclosure action, requiring that "at least ninety days" prior to filing a legal action, the lender must send notice "by registered or certified mail and also by first-class mail to the last known

address of the borrower, and to the residence that is subject to the mortgage." N.Y. REAL PROP. ACTS. LAW §§ 1304(1), (2); see also Deutsche Bank Nat'l Tr. Co. v. Spanos, 961 N.Y.S.2d 200, 202 (2d Dep't 2013) ("Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition.") "Compliance with § 1304 can be 'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure.'" CIT Bank N.A. v. Schiffman, 948 F.3d 529, 533 (2d Cir. 2020), certified question accepted, 142 N.E.3d 102 (N.Y. 2020), and certified question answered, 168 N.E.3d 1138 (N.Y. 2021) (quoting Citibank, N.A. v. Conti-Scheurer, 98 N.Y.S.3d 273 (2d Dep't 2019)). Courts must determine whether a plaintiff has complied with RPAPL § 1304, even on a motion for default judgment. See, e.g., CIT Bank, N.A. v. Donnatin, No. 17 CV 2167, 2020 WL 248996, at *4 (E.D.N.Y. Jan. 16, 2020). Failure to comply with § 1304 is a sufficient basis to deny foreclosure relief. See Wilmington Sav. Fund Soc'y, FSB v. White, No. 17 CV 2288, 2019 WL 4014842, at *4 (E.D.N.Y. May 28, 2019) ("Both state and federal courts in New York . . . have found that proper service of a RPAPL § 1304 notice on the borrower is a condition precedent to the commencement of a foreclosure action and plaintiff has the affirmative obligation to establish strict compliance with RPAPL § 1304. Plaintiff cannot satisfy its burden with conclusory statements of compliance with RPAPL's requirements." (quotations and citations omitted)).

To satisfy the service provision of RPAPL § 1304, the copies of certified mail receipts submitted by the party moving for foreclosure must contain some "marking evidencing

an actual mailing by the United States Postal Service[.]" Freedom Mortg. Corp. v. Monteleone, No. 19 CV 410, 2022 WL 4274936, at *6 (E.D.N.Y. Sept. 15, 2022) (citing cases); cf. V.A. v. City of New York, No. 20 CV 989, 2022 WL 1469394, at *10 (E.D.N.Y. May 10, 2022) (a "certified mail receipt bear[ing] a postmark date" is insufficient as proof of mailing if "there was no evidence that the [document] was mailed under that certified receipt number") (quoting Bank of Am. v. Guillaume, 94 N.Y.S.3d 114, 115-16 (2d Dep't 2019)).  Thus, courts have found that evidence in the form of copies of mailing labels, see Wilmington Sav., 2019 WL 4014842, at *5, or copies of letters and envelopes with twenty-digit United States Postal Services ("USPS") tracking numbers—but lacking any "marking evidencing actual mailing," Monteleone, 2022 WL 4274936, at *6—are "insufficient to eliminate all triable issues of fact as to whether the certified mailing actually occurred," see Deutsche Bank Nat'l Tr. Co. v. Feeney, 137 N.Y.S.3d 405, 407 (2d Dep't 2020).

    Here, in support of its motion for default judgment, plaintiff has submitted a declaration of counsel, which states that "Plaintiff complied with the notice requirements of RPAPL § 1304."  (See Declaration of Stephen J. Vargas, Esq., filed Oct. 7, 2022 ("Vargas Decl."), Dkt. No. 34, ¶ 4.)  Likewise, the Complaint states that "Plaintiff has complied with the notice provision of the Mortgage and RPAPL § 1304[.]"  (Compl. ¶ 20.)  A sworn affidavit of a specialist at Freedom Mortgage in support of the default judgment motion states:

> In compliance with RPAPL § 1304, a 90 day pre-foreclosure notice ("90 Day Notice") was sent to Brian T. Meurer via first class and certified mail to 22 University Pl, Staten Island, NY 10301-3423 which is the Property Address and Lorraine S. Meurer via first class and certified mail to 22 University Pl, Staten Island, NY 10301-3423 which is the Property Address.  The 90 Day Notice was mailed on October 11, 2018 and listed at least five (5) housing counseling agencies.

4

(Affidavit of Erica Tracy, dated June 5, 2019 ("Tracy Aff."), attached as Ex. G to the Vargas Decl., Dkt. No. 34-7, ¶ 5.)  This affidavit also states that a "copy of the 90 Day Notice and the affiliated certified mailing receipt is attached" to the affidavit.  (Id.)  However, the attachments themselves reveal that the "mailing receipts" to which the affidavit refers appear to be stamps at the tops of the notices sent to Brian T. Meurer and Lorraine S. Meurer, which are redacted and show as simply blacked out boxes.  (See Notices to Brian T. Meurer & Lorraine S. Meurer, dated Oct. 9, 2018 ("Notices"), attached as Exs. to the Tracy Aff. at 22, 42.)  No return receipts have been filed, and no signatures have been provided.  Although the Notices are dated October 9, 2018, there is no way to determine whether or when the Notices were actually mailed.  The exhibits "therefore cast[] doubt on whether [Freedom Mortgage] offered adequate proof" that Freedom Mortgage complied with the requirement to send the 90-day notices by certified and first-class mail.  See Schiffman, 948 F.3d at 534 (quotations omitted).

       Because Freedom Mortgage has not filed sufficient documentation that it has satisfied a statutory requirement, one that is a prerequisite to foreclosure, I respectfully recommend that the motion for default judgment be denied and that plaintiff be ordered to provide proof of compliance with RPAPL § 1304.  See Freedom Mortg. Corp. v. Bullock, No. 19 CV 664, 2022 WL 18299810, at *3 (E.D.N.Y. Mar. 11, 2022), report and recommendation adopted, 2022 WL 4445399 (E.D.N.Y. Sept. 23, 2022).[2]

---

[2] Plaintiff also names the New York City Parking Violations Bureau and New York City Transit Adjudication Bureau as defendants as they are "holder[s] of a lien encumbering the Property, which is subject and subordinate to Plaintiff's mortgage."  (Compl. ¶¶ 5, 6.)  "New York [RPAPL] § 1311 provides that the necessary parties to a mortgage foreclosure action include: '[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff.'"  Bank of Am., N.A. v. 3301 Atl., LLC, No. 10 CV 5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting N.Y. RPAPL § 1311(3)).  Since I am recommending that plaintiff's motion for a default judgment be denied for
(Continued….)

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motion for a default judgment be denied, with leave to re-file upon the submission of proof of compliance with the notice requirement of RPAPL § 1304. Any objection to this Report and Recommendation must be filed electronically, with a courtesy copy to Judge Chen, within fourteen (14) days. Failure to file objections within the specified time period waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b), 6(a), 6(d). Plaintiff is directed to serve a copy of this Report and Recommendation on defendants Brian T. Meurer and Lorraine S. Meurer by first-class mail at their last known address(es), and to file a certificate of service electronically within three (3) days of the date of this Report and Recommendation.

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
April 14, 2022

---

failure to satisfy a condition precedent, it is not necessary to address the claims against these non-mortgagor defendants at this time.