UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
FREEDOM MORTGAGE CORPORATION,

                    Plaintiff,

           - against -

BRIAN T. MEURER, LORRAINE S.
MEURER, NEW YORK CITY PARKING
VIOLATIONS BUREAU, and NEW YORK
CITY TRANSIT ADJUDICATION BUREAU,

                    Defendants.
----------------------------------------------------------x

**ORDER ADOPTING REPORT
AND RECOMMENDATION**
19-CV-1497 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

Plaintiff Freedom Mortgage Corporation ("Plaintiff") brings this action for default judgment against Defendants Brian T. Meurer, Lorraine S. Meurer, New York City Parking Violations Bureau, and New York City Transit Adjudication Bureau. On July 10, 2019, Plaintiff moved for default judgment pursuant to New York Real Property Actions and Proceeding Law ("RPAPL") Article 13, to foreclose a mortgage encumbering a property at 22 University Place in Staten Island, New York (the "Subject Property"). Defendants Brian T. Meurer and Lorraine S. Meurer (the "Meurers") are the owners of the Subject Property.[1]

Upon referral, the Honorable Robert M. Levy, Magistrate Judge, issued a Report and Recommendation ("R&R") recommending denial of Plaintiff's motion for default judgment with leave to re-file once Plaintiff submitted further proof of compliance with Section 1304 of the

---

[1] Defendants New York City Parking Violations Bureau and New York City Transit Adjudication Bureau are being sued because they have liens encumbering the Subject Property. (Compl., Dkt. 1 (hereinafter, "Dkt. 1"), ¶¶ 3–7.) The Court need not reach any claims against these agency Defendants because it adopts Judge Levy's R&R, requiring Plaintiff to submit further proof of compliance with the notice requirement of RPAPL § 1304 with respect to the Meurers before re-filing a motion for default judgment.

1

RPAPL ("RPAPL § 1304"). Presently before this Court are Plaintiff's timely objections to the R&R. For the reasons explained below, Plaintiff's objections are overruled and Judge Levy's R&R is adopted in full.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of the case and recites only the background relevant to Plaintiff's pending objection. On December 1, 2014, the Meurers executed and delivered to Plaintiff a Note in the principal amount of $427,121.01. (Dkt. 1, ¶ 11.) On December 12, 2014, the Meurers executed a Mortgage on the Subject Property in the same amount as security for the Note. (*Id.* ¶ 12.) On the same day, the Meurers executed and delivered a second Note to Plaintiff in the principal amount of $6,733.95 and as security for the second Note, they executed a Mortgage for the same amount. (*Id.* ¶¶ 13–14.) These mortgages were consolidated on June 2, 2016 to form a single lien in the amount of $424,523. (*See* Dkt. 1, ¶ 15; Dkt. 1-3, at ECF 12.)[2] The Meurers failed to make mortgage payments beginning with the payment due on September 1, 2018 and thereafter. (Dkt. 1, ¶ 17.) Each failure to make a payment constituted an Event of Default under the terms of the Note. (Dkt. 1-3, at ECF 4.)

Plaintiff filed this foreclosure action against Defendants on March 15, 2019, and the Meurers were served on April 6, 2019.[3] (*See* Dkts. 1, 9, 10.) When Defendants failed to appear, Plaintiff requested a certificate of default as to all Defendants, which the Clerk's Office issued on May 9, 2019. (Dkts. 11, 12.) Plaintiff then moved for default on July 10, 2019, but after the parties engaged in settlement discussions, that motion for default judgment was terminated with leave to

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[3] The agency Defendants were served on March 28 and 29, 2019. (*See* Dkts. 7, 8.)

renew if a settlement was not reached. (*See* Dkts. 13–15; 3/9/2022 Docket Order.) When Plaintiff informed the Court that the Meurers had failed to submit a completed loan modification agreement and did not provide Plaintiff with required supporting documentation, Plaintiff renewed its motion for default on October 7, 2022. (Dkts. 31–34.)

In his R&R regarding Plaintiff's renewed motion, Judge Levy recommended that the Court deny Plaintiff's motion for default judgment with leave to re-file upon the submission of proof of compliance with the notice requirement of the RPAPL § 1304. (R&R, Dkt. 36 (hereinafter "Dkt. 36"), at 6.) Section 1304 of the RPAPL requires as a condition precedent to bringing a foreclosure action that a lender send notice "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is subject of the mortgage," at least 90 days before that lender can commence a foreclosure action. N.Y. REAL PROP. ACTS. §§ 1304(1)–(2).

In concluding that Plaintiff had failed to establish compliance with RPAPL § 1304, Judge Levy noted that while Plaintiff submitted a declaration stating that "Plaintiff complied with the notice requirements of RPAPL § 1304," and also alleged the fact of Plaintiff's compliance in the Complaint (*see* Dkt. 34, ¶ 4; Dkt. 1, ¶ 20), the attachments provided to the Court as proof of this compliance did not make clear that the notices required under RPAPL § 1304 were in fact mailed to the Meurers. (Dkt. 36, at 5.) For example, the October 9, 2018 notice letters purportedly sent to the Meurers contained redacted Certified Mail stamps and further, "[n]o return receipts ha[d] been filed, and no signatures ha[d] been provided." (Dkt. 36, at 5; *see also* Dkt. 34-7, at ECF 22, 42.) Thus, the material in support of Plaintiff's motion for default judgment "cast[] doubt on whether [Plaintiff] offered adequate proof" that Plaintiff complied with the requirements of RPAPL § 1304. (Dkt. 36, at 5 (citing *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 534 (2d Cir.

3

2020), *certified question accepted*, 142 N.E.3d 102 (N.Y. 2020), *certified question answered*, 168 N.E.3d 1138 (N.Y. 2021)).) The Court agrees.

## STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, district courts must review *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Saleh v. Pompeo*, 393 F. Supp. 3d 172, 177 (E.D.N.Y. 2019). When applying *de novo* review to a magistrate judge's R&R, the district judge "will make an independent determination of the relevant issue, giving no deference to any previous resolution of such issue." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 52 (E.D.N.Y. 2008) (citing *Nomura Sec. Int'l, Inc. v. E*Trade Sec., Inc.*, 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003)).

However, if the objecting party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." *Id.* at 51 (quoting *Barratt v. Joie*, No. 96-CV-0324 (LTS) (THK), 2022 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (collecting cases)); *see also Francisco v. NY Tex Care, Inc.*, No. 19-CV-1649 (PKC) (ST), 2020 WL 3118528, at *1 (E.D.N.Y. June 12, 2020) ("Accordingly, 'general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error.'") (quoting *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (brackets omitted))). An R&R is "'clearly erroneous' when the [district judge] is[] 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" *Saleh*, 393 F. Supp. 3d at 177 (quoting *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339–40 (S.D.N.Y. 2009)).

## DISCUSSION

In its objection to the R&R, Plaintiff asserts that pursuant to New York state intermediate appellate court authority, compliance with RPAPL § 1304 is a non-jurisdictional defense that must

be raised by the defendant to a foreclosure action, and thus, the Court may not *sua sponte* consider whether Plaintiff demonstrated compliance unless raised by Defendants.[4]  (Obj., Dkt. 39 (hereinafter, "Dkt. 39") at 2–4.)  Notably, Plaintiff's objection does not address Judge Levy's conclusion that the record provides insufficient support for Plaintiff's compliance with Section 1304, nor to his determination that strict compliance with this provision is required for the Court to grant foreclosure relief.  Instead, Plaintiff skirts the substantive issue by raising the technical argument regarding the propriety of the Court's consideration of Plaintiff's compliance with its statutory obligation—which, as discussed *infra*, the Court finds unpersuasive.  As the Court finds no error with Judge Levy's conclusion on the question of whether Plaintiff has complied with RPAPL § 1304, the Court adopts the R&R's analysis and conclusion.

The Court finds Judge Garaufis's decision in *Freedom Mortg. Corp. v. Bullock*, which adopted an R&R under very similar circumstances and involved the same Plaintiff that is currently before the Court, to be on point.  *See* No. 19-CV-664 (NGG) (SJB), 2022 WL 4445399 (E.D.N.Y. Sept. 23, 2022).[5]  In *Bullock*, the court adopted a R&R recommending that Plaintiff submit further documentation setting forth its compliance with RPAPL § 1304 for two reasons.

---

[4] Plaintiff also notes that this Court is not bound by the decisions issued by New York intermediate appellate courts regarding the Court's authority to *sua sponte* raise non-compliance with RPAPL § 1304.  (Dkt. 39, at 3–4.)

[5] Plaintiff argues that the Court should not follow *Bullock* because in that case, "the borrowers—rather than the court—properly raised RPAPL § 1304 defenses."  (Dkt. 39, at 8.)  However, the plaintiff's description of the case is simply false.  In *Bullock*, the plaintiff moved for default judgment after two defendants—who were residents of the property at issue in the case—failed to appear to defend against the plaintiff's lawsuit seeking to collect on a mortgage that plaintiff held against the defendants' residence.  There was one other defendant in *Bullock* who did appear—the Suffolk County Traffic and Parking Violations Agency, a lien holder for the property in question—but at no point did this defendant nor the borrowers raise a RPAPL § 1304 argument.  *See Bullock*, No. 19-CV-664, Dkts. 18, 28–30.

First the *Bullock* court noted that, "[c]onclusory allegations and restatements of the legal requirements need not be accepted, and standing alone, are insufficient to support a default judgment." *Bullock*, 2022 WL 4445399, at *3 (citing *E.A. Sween Co. v. A&M Deli Express Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019) (summary order) ("A defaulting party admits only well-pleaded factual allegations; it does not admit conclusory allegations or legal conclusions.")). Therefore, despite the fact that Defendants have failed to answer the Complaint, the Court need not accept Plaintiff's conclusory legal conclusion that it "complied with the notice provision" of RPAPL § 1304. (Dkt. 1, ¶ 20.)

Second, the *Bullock* court reasoned that courts maintain a "strong preference" for resolving disputes on the merits. *Pushkin v. Nussbaum*, No. 10-CV-9212 (JGK) (DCF), 2011 WL 4063493, at *1 (S.D.N.Y. Aug. 12, 2011) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)). Because of this, the Court considers whether entering a default judgment against Defendants would be a "harsh or unfair result," and whether Defendants have a "meritorious defense" that would warrant vacatur upon a Federal Rule of Civil Procedure ("Rule") 55(c) motion. *Enron Oil*, 10 F.3d at 96, 98. "[T]he available meritorious defense 'need not be ultimately persuasive at this stage,' *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996); 'even a hint of a suggestion which, if proven at trial, would constitute a complete defense' is sufficient." *Bullock*, 2022 WL 4445399, at *4 (quoting *Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (vacating default)). Since Plaintiff has not demonstrated compliance with the condition precedent of foreclosure provided in the notice provision of RPAPL § 1304, Defendants would have a sufficient argument for vacatur under Rule 55(c) if they were to appear in this case and make this argument. Therefore, it would "be unfair to enter default judgment against [Defendants], despite their apparent defense to liability, solely because they have not appeared to assert it." *Id.*

6

And while it is true that many New York state courts do not *sua sponte* consider a RPAPL § 1304 defense where a defendant has not appeared to make that defense on his or her own behalf, the controlling New York Court of Appeals cases interpreting RPAPL § 1304—*CIT Bank N.A. v. Schiffman* and *Bank of Am., N.A. v. Kessler*—do not speak to this precise issue. *See Schiffman*, 168 N.E.3d 1138, 1140 (N.Y. 2021) (addressing RPAPL § 1304 when raised by defendants in opposition to a motion for summary judgment); *Kessler*, 206 N.E.3d 1228, 1232–33 (N.Y. 2023) (noting that a foreclosure defendant's defense to the lawsuit was that plaintiff had violated RPAPL § 1304).[6] In the absence of such controlling authority and finding no error in Judge Levy's R&R, the Court will follow the path of other courts in this circuit by *sua sponte* considering RPAPL §1304 compliance. *See, e.g.*, *Bullock*, 2022 WL 4445399; *Lightning 1179 LLC v. Rodriguez*, No. 17-CV-6311 (MKB) (ST), 2020 WL 7000902, at *2 (E.D.N.Y. Sept. 18, 2020), *report and recommendation adopted*, 2020 WL 6042000 (E.D.N.Y. Oct. 13, 2020) (discussing the court's denial of motion for default judgment for failure to show compliance with Section 1304, where defendants did not file an answer); *Miss Jones, LLC v. Viera*, No. 18-CV-1398 (NGG) (SJB), 2020 WL 3002359, at *1 (E.D.N.Y. Jan. 29, 2020), *report and recommendation adopted*, 2020 WL 1527141 (E.D.N.Y. Mar. 31, 2020) (staying case and denying motion for default judgment for possible non-compliance with statutory requirements, where defendants did not file an answer).

For the reasons identified by Judge Levy, the materials provided by Plaintiff as to its compliance with RPAPL § 1304 "cast[s] doubt" as to their actual compliance. (Dkt. 36, at 5.) Where "doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Bullock*, 2022 WL 4445399, at *5 (quoting *Enron Oil*,

---

[6] Plaintiff thus overstates relevant state law precedent when it argues that this Court *may not* consider *sua sponte* whether Plaintiff has complied with RPAPL § 1304. (Dkt. 39, at 5.)

7

10 F.3d at 96). Therefore, the Court finds that default judgment is an inappropriate remedy at this stage.

## CONCLUSION

For the foregoing reasons, the Court finds no error in Judge Levy's R&R and therefore adopts it in its entirety. The Court denies Plaintiff's motion for default judgment with leave to re-file upon the submission of proof of compliance with the notice requirement of RPAPL § 1304.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 29, 2023
      Brooklyn, New York